IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| COUNTRY PREFERRED INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-1069-CV-W-ODS |
| | ) | |
| ASIA GRANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' TIMOTHY BROADWAY, DEMETRI WRIGHT, AND SHAWNETT WRIGHT

A car accident occurred September 19, 2009 in Kansas City, Missouri. One car was operated by Defendant Asia Grant and the other by Defendant Timothy Broadway. Defendants Demetri Wright and Shawnett Wright were passengers in Broadway's car. Pamela Grant, Asia Grant's mother, previously owned the car operated by Asia. When she owned the car, Pamela Grant purchased an insurance policy from Plaintiff that provided coverage from July 26, 2009 until January 26, 2010. On or about September 2, 2009, Pamela Grant transferred the car to Asia. The Plaintiff rescinded the policy after discovering the car was transferred to Asia, then filed this action seeking a declaration that is not obligated to defend or indemnify because the insured (Pamela Grant) did not have an insurable interest in the car. On March 25, 2010, the Court entered default against Asia Grant. Plaintiff now seeks summary judgment with respect to the other three defendants, and the motion (Doc. # 25) is granted.

The parties' discussions focus on Kansas law, and the Court interprets this as a concession by all concerned that Kansas law governs this dispute. Kansas law declares that "anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction." Weaver v. Hartford Fire Ins. Co., 211 P.2d 113, 116 (Kan. 1949); see also Warner v. Stover, 153 P.3d 1245, 1248 (Kan. 2007) (quoting Weaver); Price v. Trinity Universal Ins. Co., 654 P.2d 485, 486-87 (Kan.

App. 1982) (citing Weaver). These cases' discussion of the issue establishes that the benefit or loss in question must be pecuniary in nature in order to support an insurable interest. The most obvious situation in which someone other than the apparent owner has a pecuniary interest is in the case of a secured lender. In such a case, the loss of the property deprives the lender of its security interest in the property, so the lender has an interest that may be insured.[1]

Here, Pamela gave the car to Asia, and Asia titled the car in her name – all before the accident occurred.[2] Pamela did not retain an ownership interest or a security interest. Broadway (the only Defendant to respond to the Motion for Summary Judgment) contends Pamela retains a "reversionary interest" as Pamela's mother because Pamela would receive Asia's property if she were to die intestate before Asia marries or has children. This is not the sort of pecuniary interest that is insurable. Broadway also contends Asia undoubtedly had Pamela's permission to use the car, but this is a non sequitur. If Asia had used the car while Pamela retained ownership, Broadway would be correct – but this is not what happened. Asia had more than Pamela's permission to use the car: Asia owned the car. When the sale is completed, "the seller's policy would provide no coverage under its omnibus clause, because the use of the automobile by the buyer would be by virtue of his ownership and right to control rather than by permission of the seller. The seller would no longer be in a position to grant or withhold that permission." Maryland Cas. Co., 429 P.2d at 937.

---

[1]Dicta in Maryland Casualty Company v. American Family Insurance Group provides further support for the Court's view of Kansas law. In that case, the Kansas Supreme Court addressed a situation in which the seller of a car failed to transfer title. Under Kansas law, this made the sale void. 429 P.2d 931, 936 (Kan. 1967). The buyer was involved in an automobile accident, but the seller's failure to transfer the title meant, as a matter of law, that the seller of the car was still technically the owner and therefore still had an insurable interest; in fact, the seller's insurance was held to be the primary insurer. The Court noted that "if the statute had been complied with, the injured party can look only to the buyer and any coverage he may have under either the existing policy or a new policy, for the seller is no longer the owner." Id. at 937.

[2]This is the critical fact that had not been established previously. See Order dated July 29, 2010.

2

Pamela Grant did not have an insurable interest in the car at the time of the accident, so Plaintiff is not obligated to indemnify or defend Asia. The Court grants summary judgment for Plaintiff as to Defendants Timothy Broadway, Demetri Wright, and Shawnett Wright, and enters a default judgment for Plaintiff as to Defendant Asia Grant.

IT IS SO ORDERED.

DATE: September 17, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT